IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SUSSEX INSURANCE COMPANY, fka COMPANION PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SIXTY PARKSIDE, LLC; COTTAGE CAPITAL, LLC; GC PACIFIC, INC.; GREGORY HATCHER; CREDO CONSTRUCTION, INC.; TRUE STYLE PACIFIC BUILDERS, LLC; and S&G CONSTRUCTION, INC.,<br><br>Defendants. | CIVIL NO. 16-00603 DKW-KSC<br><br>**ORDER REGARDING SUBJECT MATTER JURISDICTION** |

**ORDER REGARDING SUBJECT MATTER JURISDICTION**

On November 9, 2016, Plaintiff Sussex Insurance Company filed its Complaint for declaratory judgment, asserting subject matter jurisdiction based solely upon diversity of citizenship under 28 U.S.C. § 1332. *See* Complaint ¶ 11. Section 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

1

$75,000, exclusive of interest and costs, and is between . . . citizens of different States."  In order to satisfy the requirements of Section 1332, there must be complete diversity of citizenship between the opposing parties.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity:  In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1181 (9th Cir. 2004).

Several of the defendants named in the Complaint are alleged to be limited liability companies ("LLC"), including Sixty Parkside, LLC; Cottage Capital, LLC; and True Style Pacific Builders, LLC.  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to establish diversity jurisdiction, the citizenship of all owners and/or members of an LLC must be alleged.  *Id*.

The Complaint, however, does not indicate the identity or citizenship of all owners or members of all defendant LLCs named therein, nor if any of the owners or members are themselves LLCs and/or unincorporated associations.  Without such additional information regarding each LLC member, the Court is unable to determine whether diversity jurisdiction exists.

2

Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *Johnson*, 437 F.3d at 899; Fed. R. Civ. P. 8(a)(1). The Court may address subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Accordingly, Plaintiff is directed to file, by **November 23, 2016**, a jurisdictional statement identifying the citizenship of all owners/members of each defendant LLC. If any members of these entities are themselves LLCs or LPs, Plaintiff shall identify those LLCs and LPs and specify their citizenship as well. If the information described above is not available to Plaintiff upon the exercise of due diligence, then Plaintiff shall so inform the Court by **November 23, 2016**.

IT IS SO ORDERED.

Dated: November 10, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Sussex Insurance Co. v. Sixty Parkside, LLC et al.*; Civil No. 16-00603 DKW-KSC;
**ORDER REGARDING SUBJECT MATTER JURISDICTION**